**NOT FOR PUBLICATION**

FILED

OCT 14 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-30212 |
| Plaintiff-Appellee, | D.C. No. 4:18-cr-06008-EFS-1 |
| v. | |
| BRAULIO JIMENEZ, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Edward F. Shea, District Judge, Presiding

Submitted October 9, 2020[**]
Seattle, Washington

Before: GRABER and W. FLETCHER, Circuit Judges, and KOBAYASHI,[***] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Leslie E. Kobayashi, United States District Judge for the District of Hawaii, sitting by designation.

Defendant Braulio Jimenez appeals his conviction and 216-month sentence, imposed following his guilty plea for conspiracy to distribute methamphetamine, cocaine, and heroin, money laundering, and possession with intent to distribute fentanyl. Jimenez contends (1) that the Federal Rule of Criminal Procedure 11 plea colloquy was inadequate, and (2) that his sentence was unreasonable. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. Jimenez contends that the Rule 11 plea colloquy was inadequate because (a) he was not advised that statements he made during the Rule 11 hearing could be used against him; (b) he was not advised of the possibility of restitution as part of the sentence; and (c) he was not advised of potential immigration consequences of his conviction. These objections were not made in the district court. We review for plain error. *United States v. Dominguez Benitez*, 542 U.S. 74, 80–81 (2004).

The district court did not commit error, let alone plain error, during the Rule 11 plea colloquy. First, Jimenez was placed under oath at the beginning of the Rule 11 hearing and was advised that his statements were made under penalty of perjury. He was not explicitly warned that his statements could be used against him, but, at the same time, he was also given no reason to believe that there was any limitation on their use. He was clearly on notice that they would be relevant, and would be used, in the context of the Rule 11 hearing. Second, restitution was

2

not sought by the Government.  The failure to address restitution, if error at all, was harmless.  Finally, Jimenez is a United States citizen.  There were therefore no immigration consequences of his plea.  *See Padilla v. Kentucky*, 559 U.S. 356, 368-69 (2010).

2. Jimenez argues that his 216-month sentence was substantively unreasonable.  When assessing a criminal sentence for substantive reasonableness, we review for abuse of discretion.  *United States v. Ressam*, 679 F.3d 1069, 1086 (9th Cir. 2012) (en banc).  The record shows that the district court spoke at length during the sentencing hearing and justified its decision to impose a below-guideline range sentence after weighing various factors, such as Jimenez's age and lack of any prior felony conviction.  There is no basis to set aside the sentence as unreasonable.

**AFFIRMED.**